Case No. 22-57-4 ITServe Alliance, Inc. Appellants v. United States Department of Homeland Security Mr. Forney for the appellants, Mr. Press for the appellants Good morning Good morning, thank you Judge Katzen, may I please report Jeffrey Forney for appellants ITServe Alliance, Inc. I try to talk into the mic, I'm not hearing it very well ITServe's members have suffered and continue to suffer increased operational costs due to the rule USCIS announced in the matter of SEMEO which the agency imposed prospectively, without exception, on all H-1B employers through a policy memo issued contemporaneously with that proceeding However, the rule in SEMEO was not the product of an adjudication Rather, the agency wants to characterize it as such, but the proceeding was not an adjudication It doesn't have any of the typical features of an adjudication Rather, it sounds as a legislative rule, the agency has imposed it on the regulated community The agency had before it the question whether SEMEO solutions that improperly failed to get the second apply for the second visa, the amended visa Thank you for the question The characterization may require some qualification It wasn't a visa that was at issue in that case Your Honor is correct that the proceedings leading up to the appeal for the AEO did involve the foreign national appearing at a consulate for a visa interview But that wasn't the crux of the matter I may have the immigration terms wrong, and I apologize for that, if I do But just making the point, the dispute came up in the context of what we would call a case or controversy if it were in an Article III court It wasn't just the agency musing in the abstract They had an actual dispute before them, and they had to resolve it And in the course of resolving it, they had to construe this language in the agency regulation about what it means, what the phrase material changes means Seems about as adjudicatory as you can get Well, the administrative records suggest otherwise Suggest what? Suggests otherwise The government produced in the administrative record a rather interesting letter that was issued to Simio who is the putative party in the case That letter indicated that around 2011, the employer had already asked that its petition be withdrawn And under the regulation, that request resulted in an automatic revocation of the petition But is there evidence that, I understand that letter Is there any evidence that Simio withdrew that letter, not just before the appeals office ruled but also before the director of the California service issued its letter? In other words, is there any evidence it was withdrawn before that decision? Well, all we have is the administrative record and Appendix 70 That letter, which I referenced, indicates that a letter of withdrawal or revocation was ordered on September 23, 2011 Therefore, the approval of your petition is automatic Was that before or after the original decision? Well, the letter of withdrawal or revocation was ordered well before the decision issued in the AAL Before the appeals decision But doesn't it have to have been ordered before the original decision? I couldn't hear you Doesn't it have to have been withdrawn? Your point is that the withdrawal of that made this not an adjudication, correct? Yes But there's no evidence that it was withdrawn before the original decision Which original decision are we talking about? The offices decision Administrative appeals office decision? No, before that No, there were only two decisions that issued in this case The first was the approval of the petition Well, then there was a revocation by the agency And then there was the AAL proceeding that resulted in the published report by the AAL This letter indicates, at least with the dates that we see here, that the petition was automatically revoked well before the AAL proceeding Of course, by definition, it would have been automatically revoked after the original petition was approved That's what the revocation is Wouldn't the agency need to know about the revocation at the time it issued its opinion for this to matter? I'm sorry, I'm having trouble hearing you Oh, sorry Wouldn't the agency need to know that the petition was revoked at the time they issued their opinion? And there's no evidence in the record that they knew that We can only review what's in the record before the agency Well, the letter in the administrative record, which the agency produced as part of this record of proceedings, contains this letter of automatic revocation I'm just saying it's not clear the AAL knew about it Because it's not in the record that the AAL was considering Well, it is. The AAL actually produced this record It was certified by an official of the administrative appeals office It's in their record Okay So I actually have a different question for you And that's about the case conference group, LLC, and how it applies to this case And conference group held that in a situation such as this, you have standing to contest the rule, to the extent it's a rule But you do not have standing to contest the adjudication And I'm interested in how that applies in this case Because it strikes me that if you want to challenge something as granular as a letter that allegedly withdrew the petition That seems to me to be an attack on the adjudication and not the rule The rule is the general principle that when you move your H-1B recipient to a different location, you have to amend your petition before the agency But these sort of granular case-by-case things, such as this beneficiary lived in Long Beach, but he was working in L.A. The petition was dismissed in the middle of this appeal So that seems to me to be a challenge to the adjudication and not the rule And conference group suggests that you can't challenge the adjudication Yes, I appreciate the question I think some of the confusion that falls around this issue maybe is the way in which the district court judge viewed that And I think Your Honor is sort of reiterating that position And it's understandable, but the critical point is that we're not challenging any particular aspect of the punitive adjudication Including the letter issue that we've discussed We're not challenging that That letter is merely indicative of the fact, among other points, that this is not an adjudication because of what happened in the proceeding Its characteristics, including the characteristics tied to that letter, show that it was perspective only, in effect Had no direct bearing on the punitive argument Because their petition that was supposedly an issue is no longer law The DAO, therefore, was addressing an abstract issue That kind of characterization, at least according to this court's precedent, brings it over to the rulemaking side So you're saying that, I'm just trying to understand the distinction between challenging an aspect of the adjudication, which is that the petition was dismissed And not doing that, but instead using it as evidence that this is a rulemaking Yes, precisely Because an adjudication has two characteristics Case-by-case, fact-sensitive, in which the agency addresses those facts, and during the course of the proceeding may come up with a principle I understand all that, but basically you are The CMAO record is not actually before us You are not a party to the CMAO proceedings You are just trying to challenge the precedential effect of the ultimate holding of the CMAO ruling Which is what you think is a legislative rule But to do that, you are getting into the details of that CMAO proceeding And it strikes me as procedurally strange that you should get to do that Oh, and this goes back to, I think, Your Honor's point about conference group Which, as I believe you correctly pointed out, suggests that a non-party to the case can't challenge the adjudicative aspect of an order that appears to affect Of course, there's a couple of material points of distinction there One is that, of course, the court found in that case there was an adjudication We're contending here that this is not an adjudication, it's characteristics Among other things, the characteristics that appear in the administrative record show that it's a rulemaking The second more critical point is that the party in the case challenging the rule in the conference group The court noted that they would have actually had the opportunity to challenge the application of that rule Or precedent that the agency formulated in a separate administrative proceeding To distinguish that case and show that they did not fall within the ambit of that precedent rule That's not the case here There's no procedure by which any member of ITSERP can do that I'm curious about that, why not? When you apply for that, can't you say, it's our position that if this person moves, we shouldn't have to No, because There's no vehicle to do that? There's no vehicle to do that, certainly not in the manner in which was noted in a conference group Which the FCC, of course, had a more elaborate procedure in that case Where the Bureau might review your practices and then you can challenge whether or not your practices require you to pay into a fund And then you can appeal that to the FCC before you incur any financial losses by being held to pay into a fund That type of proceeding isn't available I want to ask you about, so that was one way you distinguished conference group But there's another way you distinguished conference group that I want to ask you about You say in your brief that the plaintiffs here failed to show that the challenged action This is a quote from your brief, would have a pending certain harm And that's unlike here But in conference group, the court, we were very clear there that the adjudication that the plaintiff was challenging there Had found that companies like petitioner, you know, a particular type of telecommunication services Were would have to contribute to the universal service fund They found that our case was based on that And that sounds just like this case, you know, there they did show some harm Namely, they had to contribute to the universal services fund Right, they had to pay into the fund And there was no question about this And your client has to pay more for these petitions And I don't see why they're different If it wasn't enough in conference group, why is it enough here? So I understand that conference group, one of the critical points was that Again, I think there's two critical points One is that it was unclear that a non-party to that case was actually required to pay into the universal, into that fund The only order at issue was that the conference group and related parties who were subject to the FCC's order were compelled to pay into the fund Because the order was directed to them The order wasn't directed to any other party And moreover, more critically, separate parties could actually challenge in the future whether the FCC was going to apply No, I know that argument I was just, I get your argument about that I was just asking about this, what seems to be a separate argument in your brief That unlike here in conference group, they had showed no, they had failed to show any impending harm And it looks to me like they did, that they would have to pay into the universal services Oh, well, if your honor is indicating that the parties in the conference group did show an imminent harm, is that Yeah Yeah, I misunderstood the question, I'm sorry Yeah Well, you said in your brief that they didn't That's why I asked you the question Right, I mean, I think the case stood on the principle that they couldn't show impending harm because the order didn't apply to them Because the order did not apply to the parties in the judicial procedure I mean, that's different here, we have a different situation here because the policy memo that was issued contemporaneously I mean, your whole distinction of conference group turns on your argument that there's no other remedy here for your client, right? There's no other way to challenge it other than through this That's true That's your distinction for conference group That's the primary distinction Yeah So I'd like to come back to that because I think it's important But it seems to me that you could challenge this in one of your client's proceedings Because one of your, I don't know, members could apply for the H-1B visa, get it Their person could move, they could get the LCA but not petition And when they try to deport that person, you could raise all the issues that you're saying now But that is not appropriate All of your substantive arguments, such as now you're intruding into the Department of Labor's area So you could challenge all of this, it wouldn't be pleasant for the H-1B visa person who's the beneficiary But you could challenge this within one of your own visa applications I'm sorry, this gets into some technical nuance about immigration, I apologize about that But your honor mentioned challenging that petition removal proceeding The employer can't be a party to a removal proceeding that is specific to a foreign national Where the Immigration and Customs Enforcement alleges How did Simeo bring it? Well, the foreign national issue in that case was outside of the United States at the time He had gone to a consulate to get a visa Initially he was working for Simeo I'm just trying to understand how Simeo brought that Because you're telling me that none of your members could bring the case before the AAL Well, because there's no way to ventilate this issue before the agency Before the harm is actually suffered In other words, the agency laid down a global rule of general applicability that applies to the members It says if you're going to move folks, file the LCA But then you have to file an amended petition, full stop And associated with that amended petition is the court's filing fee and other transactional costs So you incur that harm before you can go to the agency and say Hey, we don't think this applies to us There's just no procedural mechanism to raise that issue Can't you move for declaratory relief? The agency, to my understanding, has no procedure to petition for a declaratory relief I mean, the FCC had a regulation, for example, which of course this court knows well now But you could ask for a preliminary injunction? It just seems to me that it's not clear to me that you don't have a way of raising this issue Other than attacking Simeo Well, there's no way of raising the issue before the agency, before the harm is incurred Why can't you move for a preliminary injunction? Well, of course that would require civil action, which is exactly what we did Right, so why can't you do that? Why can't you sort it? Oh, so, okay So we did file a civil action Of course, this court will dismiss on various grounds So that's what we tried to do No, but you brought a civil action attacking Simeo I'm saying, why not in one of your members' own cases, can't you litigate this? Because there's no way for the issue to be triggered before they actually comply with the rule in Simeo And when they comply with it, there's no way to actually go to and file a civil action and say You would have to not comply, right? You would have to not comply and then move for a declaratory judgment or a preliminary injunction Or let it proceed where your beneficiary gets deported and then you approve It's just not clear to me that you cannot litigate There's no way to litigate Right, but like in Conference Group, there was an administrative proceeding to ventilate that issue before any actual harm What Your Honor is suggesting is to, about the rule that USCIS put forward in Simeo, wait for an enforcement act That's what Conference Group would have had to do, too So if somebody wanted to challenge this in their own case, they would have had to probably file the Conference Group rule and then litigate it We're right, but it would have been ventilated through the Bureau who had delegated authority to hear the issue And the party could have raised the points before the Bureau and then had an administrative appeal before the FCC That type of proceeding is unavailable I just don't understand why Simeo could do it and none of your members can Simeo could do it because they were actually the main party in the case But of course, they weren't anywhere to, they didn't actually appear in the appeal So let's be clear about that But I'm just saying that that issue was brought to the AAO Simeo brought that issue to the AAO and you're saying it's impossible for any of your members to do that Technically, Simeo did not bring the issue to the AAO, it was certified by the district director So Simeo did not appeal It was certified, of course, after the petition had been revoked My point is simply Simeo brought that to the attention of a rulemaking adjudicatory body And I don't understand why none of your Well, it didn't because it didn't appear in the proceeding at the AAO There's no indication in the administrative record that they appeared But of course, if they chose to appear, that would be I guess my question is Simeo happened, how? Well, Simeo, Simeo, I think is how you pronounce it Okay, Simeo It happened because, of course, they were a party to the administrative proceeding It was their petition, the revocation proceedings involved their petition And the certification of the AAO involved their petition So of course, they were a party in that administrative proceeding The whole point here is So then what happened? So they say their petition was found to be insufficient And then it went to the AAO, right? Well, it was certified to the AAO Certified to the AAO And why can't that whole process happen with one of your members? Because there's no way to bring up that issue before compliance And if you fail to comply, then what happens is As indicated in the agency's policy memo You can be sanctioned by the employer And the employer or a national is out of status and put into removal proceedings Those removal proceedings are not a vehicle by which the employer can challenge any of these issues Immigration judges don't have a prescription Thank you, I understand Can I just briefly on the merits ask This rule or adjudication question It's obviously significant for standing But assuming we get over that hurdle On the merits, you want to call this a rule In order to argue that the agency failed to comply With notice and comment Right And the main reason for saying that is that they changed their mind On how to interpret material phrases Material changes in the regulation And that would have been a winning argument under our decision in paralyzed veterans But that was unanimously reversed by the Supreme Court So, I mean, even if this is a rule It's obviously interpretive So your notice and comment claim doesn't get off the ground either way Well I agree with you if we were talking about the agency changing course through the same proceeding I believe it was mortgage bankers who took where the Supreme Court to raise you with the paralyzed veteran Lasko professional entrance Original case But that's that's not an issue here We're not Raising the point about the agency changing course in the same proceeding It is a different type of proceeding, but that's largely irrelevant For our argument The argument is you have statutory provision which doesn't address the issue As an agency publishes a regulation with a broad open textured term like material change That changes with the facts and circumstances of the case There's no way to flush out the meaning of that term Except through further legislative rulemaking If you flush out the meaning of that rule, you're necessarily putting flesh on it In a material way that will require That's what the agency did in matter of simian That's what we're finding Okay Thank you Hear from the government Thank you Thank you, your honors Joshua press Justice Security I want to get right to your question Seems sort of critical here Is there a procedure by which One of IT service member companies could challenge The answer is absolutely yes It is This type of situation happens Very frequently In fact, today There are numerous H1B visa petitions With applicants in India who left during the COVID-19 pandemic They are waiting Sometimes very long periods of time But they are waiting Very old LCA's Very old H1B petitions that were previously approved by USCIS And they're waiting for a consular interview And the reason I bring that up is The exact same fact kind of occurrences Could occur with those H1B visa applicants They would be beneficiaries To be clear, the companies that are sponsoring them Are the applicants themselves per se But the beneficiaries are the ones who have to go for the interview It was in that precise factual context Where the consular officer from the State Department Which counsels are coming out Makes a determination as to whether they issued a visa Now, that is slightly different than To be sure, what USCIS does And what the Administrative Appeals Office, the AAO Did in this case But I think the critical point And why SEMEO was necessary for USCIS and the AAO To actually adjudicate an issue Presidential decisional That they were seeing this fact pattern again and again Where essentially sponsoring employers Would try to gain the system by Including a lower wage area of the country And then they would sort of use consultants And specialty occupation visa applicants To go to many different places across the country For six months or years Instead of the actual wage rate that was initially determined I think within a seven-day period of time Long ago by the Department of Labor So when the consular officer sees The blatant mismatch between what a visa applicant is telling Him or her, oh, I'm going to work in Hoboken Hoboken, for better or worse, is not Long Beach, California And that actually sort of raises a lot of suspicion With the consular officer They might think, well, why are you lying to me? They might think this guy is a security threat And they have to be followed up with that So the follow-up in this case was, oh Sorry, you're talking about the initial Oh, yes, I'm sorry The follow-up in SEMEO was Hey, you need to check out the initial application The labor condition application That the Department of Labor approved As a prerequisite within seven days And to be clear, they're only looking for completeness And obvious inaccuracies So they're not going to catch if a work site Gets substantially moved across This problem arises when An H-1B recipient Comes into the country to work in River Long Beach And then is moved to Hoboken Yeah, it could easily arise in that because Is there any mechanism What's the mechanism at that point For judicial review If short of DHS notices The violation, the lack of a second filing They deport the alien The employer is not a party to the deportation proceeding But then somehow once the alien has been Removed from the country That seems to be the posture in which SEMEO or SEMEO came up Is that the mechanism? The normal mechanism would be if DHS Or USCIS actually understands that The initial petition grant was made Under false pretenses They could revoke the petition Or they could issue a notice of intent to revoke And they could flag for the employer Who is the actual Sorry, DHS does that? Yes. And they could flag, hey, we noticed that Your Department of Labor condition application Said Long Beach It looks like he, the actual beneficiary Is working a lot in Hoboken, which is That's a different $9,000 difference in the average wage rate Which I think for an applicant who is Getting about $50,000 a year is a 20% difference It's a big difference You need to respond to us Otherwise we're going to revoke the petition That was previously granted That would leave them unable to employ And the beneficiary would then be Out of status if that status gets revoked But that does not mean they might not be able to Change status to something else It also does not mean they're going to When DHS notices that violation And does what you're describing Is the action against the employee Or the employer? The employer Now, the deportation proceedings Or removal proceedings Those are against the employee The beneficiary, individual applicant But that, I want to be clear here We're not talking about any sort of scenario here Any of IT Service members, employees today If they're here on H-1B visas Who are being threatened with deportation Because ICE, Immigration and Customs Enforcement Is a separate sub-agency within DHS They make that determination And they have their own prosecutorial discretion Priorities It's all under very different litigation than this one But that's sort of the I'm hoping to explain the procedural posture that DHS I know it's very complicated Can I just ask So when the agency issues the notice Of intent to revoke your petition Can you appeal that? Absolutely For a stay of that? Yes, you can move to reopen or reconsider Or the AAO could take that decision That let's say the director's office does revoke Which is slightly different Actual background, but basically the exact same Posture, operatively They could take that revocation The AAO could do the exact same thing here It would have to actually revoke though to get to the AAO The notice of the revocation would not be sufficient Actually, the AAO could take it on itself If it wanted to Okay, even before the actual revocation takes place? Yes, that's very, very rare Because of course they like to have something Actual development for them But it couldn't happen, I believe But nonetheless, the proper way to challenge that I think the core of what we're trying to argue In our briefing and what we argued below With regard to standing and conference room The proper way to challenge that is to bring  As arbitrary capricious in violation of the ADA They could talk about SEMEO or However you call it, of course they're not here They're actually pronouncing their name There, as this is an improper application of that Or the adjudicative rule that was laid down In that opinion by the AAO This ultra-virus or something along those lines There's no specialized review scheme That would attach to that The INA is just, of course, chock full of these things That tend to Not beyond the AAO The AAO would be the limit within DHS And then it would be up to a plaintiff, employer or You could go to district court through the APA Without having some kind of channeling argument That's correct, that happens It's not uncommon for that exact scenario I was going to change the subject Go ahead Assume I think Assume I think they have standing To raise their argument that this is a rulemaking In the guise of an adjudication, okay? Assume for a minute that that's what I think What's your best argument that this is in fact an adjudication? Well, it had immediate impact to SEMEO Solutions In the sense that they could no longer employ that employee Whom they actually had petitioned for Whom they essentially wanted to employ And of course What about their argument that they had withdrawn the petition before? Frankly, I was also frustrated by the record In the sense that I didn't Me too So can you help us? Well, I think in terms of reading the opinion from the APA Yeah It reads not as well as Your Honor's opinions here, of course But it is in a judicial opinion in that mold to be sure I just don't think anyone can claim otherwise Now, in terms of the adjudicative facts that were there They were presented with a clear record A problem that they were seeing Now, it's not It wasn't a general problem that you would normally see In a notice of rulemaking It was actual circumstances of specific locations Specific wage rates in different metropolitan statistical areas Visa applicant with a counselor interview Those are, I don't know how to say it, real world facts And they were applying what they saw as the INA Their regulations, i.e. law, to facts And that's what we see in an adjudication Differentiation from rulemaking, which is policymaking By actually announcing a rule, having notice and comment Discussing the weighing benefits and costs Okay, so let me go on then to So you also say that they don't have standing To raise their other arguments It's not just the argument that this is a rulemaking in disguise But they can't raise their other arguments And you rely on a conference group for that, right? Yes, there's a lot of discussion Yeah, so this conference group, I'm just curious In conference group, that was a petition for review Whereas here, they file an APA action just like in TIFA Does that make a difference? Well, I think the core of our standing argument is that Frankly, they could never actually show the definite time That one of their members were subject to SEMEO Other than once in the course of litigation But they actually could never show anything beyond Some day of filing other H-1B petitions Okay, well, suppose I think their declarations are adequate Okay, what's the other argument? I do think that if you apply Judge Silverman's opinion If you do what? I agree with what you're getting at Because the conference group does make a differentiation Between whether it's an adjudication that's being reviewed Or as a rule being reviewed And the same sort of scenario could support standing for one That is, if it were a rule, they would have standing Well, let's assume I agree with you that it's an adjudication Okay, I don't think they would have standing Because they're never mere bystanders than Judge Scalia It would be the same thing as someone coming in And what do you do with TEVA? Well, I think with TEVA, the contrast is that They were actually pointing to a date certain And frankly, we've never presented with any date certain Other than, well, we might file 63 more of these Well, but they have affidavits telling us exactly How much this is costing them And how many applications they're going to have to pay for In the next year or two Yes, but I think that's my point It's projecting 63 within the next three years And projections of what it might cost It's far from impending or certain or actual And I think that's the distinction that we're trying to make It's an awfully fine line I mean, the affidavits are pretty clear The declarations Well, I respectfully disagree with that Just because I would read those things as What might occur within three years Considering what we've all gone through in the last three years As something intentions And if something's coming up within the next six months And they could point to that Well, what else should they have said? What more should they have said? I think they would actually say We have this employee We believe that he or she is going to need to be moved From X location to Y location With a different wage rate And if we don't actually If we're not able to do that We're certain that U.S.A.S. will revoke that petition But that's an argument about The imminence of the future injury It's not an argument about Is this an adjudication or is this a rule? Right And I thought that was the whole point of TEVA I mean, you know, you have Scalia, but I have Tatel Right? I'm not going to get into that I mean, TEVA seemed pretty persuasive on that point, right? If you have a rule If you have an adjudication There might be reason for thinking Like, who knows how it's going to apply In some future case But that doesn't prevent A non-party to the adjudication from saying Look, it established a perfectly clear principle of law Whether we call it a rule or not And it's going to have an imminent impact on me or my members So I agree with what you're saying there In terms of this same distinction in conference room Because there are two analyses And two different distinctions I just think that if you're going to talk about TEVA The distinction was that they could actually point to it Was what? Sorry? Just say, I didn't hear what you said If you're going to talk about TEVA, dot, dot, dot Yes, relying on TEVA for standing purposes in this case I think is a vastly different circumstance Because there was a date certain Because there was There was a date certain And so I think the Supreme Court case that came to mind Imminently was Habit Labs Where a pre-regulatory challenge of We're sure that this regulation is going to go into effect On five months from now Will then cost us millions of dollars That's a completely different situation from What we think we might file 63 petitions Within the next three years And if we had to do that 63 times about $460 Sorry, I went to law school But it's really, again Maybe I'm repeating myself But that's really a question Not about rule versus adjudication That's a question about whether this case Falls within Lujan's Someday intentions That's correct That's correct I agree The district court, though Found standing based on the business model Of the member companies What? Is that appropriate? It says the court finds Based on the member companies' business models They face increased costs Does this stand out? Yes, so we disagree with that We respectfully disagree with that On that approach Because essentially Any employer could say Our business model requires us to Shift people across the country They still need to show Imminent or impending injury And that requires more than Someday intentions Frankly, we read the affidavits And there would be more than Never anything more than Someday intentions And that's why we Shut up? Okay, thank you We ask that you affirm Thank you Thank you Just two points Your Honor, I guess I do need to correct a statement I see your point I've just reviewed the conference group again And for standing purposes on challenging the rule Your Honor's expected The court noted that They actually did show Additional financial costs because of the regulation Nevertheless Later in the opinion What changed on the matter Was that The conference group would go Before the Bureau and the FCC Before they That's just not available Here And on One of the points that My team Mentioned about those types of Proceedings challenging an H-1B Revocation is that The revocation actually has to be Entered before It's taken But what the Critical point here is that The employers in This regulatory regime Suffer an immediate Harm and consequence unlike What was in the conference group Because what they do is risk Not only revocation of their petition But then the foreign national Being out of status And therefore If that happens Of course they have no vehicle To necessarily challenge That revocation Because they no longer have an employee here In the United States The remote proceedings Take place separately They have no standing And if the court doesn't have Any other questions Thank you We appreciate the eight seconds Seated back, the case is submitted
judges: Katsas, Pan, Tatel